UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, a Maryland Corporation,

        Plaintiff,                              Case No.: 1:21-CV-23263

v.

IBT GROUP, LLC; CEINSA USA, LLC; IBT
HEALTH, LLC; CARIMEX, LLC;
INTERENATIONAL BUSINESS AND
TRADE, LLC; SUCOMEX, LLC; IBT
CONSTRUCTION, LLC.

        Defendants.

_____/

## COMPLAINT

Plaintiff, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, through its counsel, hereby sues Defendants, IBT GROUP, LLC; CEINSA USA, LLC; IBT HEALTH, LLC; CARIMEX, LLC; INTERENATIONAL BUSINESS AND TRADE, LLC; SUCOMEX, LLC; IBT CONSTRUCTION, LLC; and alleges:

## PARTIES, JURISDICTION, AND VENUE

1.      This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendants are citizens of diverse states.

2.      FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("F&D") is a Maryland corporation incorporated in Maryland with its principal place of business in Schaumburg, Illinois making it a citizen of Maryland and Illinois in accordance with 28 U.S.C. § 1332(c)(1).  F&D is licensed to conduct business in Florida.

3.      Upon information and belief, IBT GROUP, LLC ("IBTG ") is a Florida limited liability company with its principal place of business in Miami, Florida, in Miami-Dade County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of IBTG are Florida citizens.

4.      Upon information and belief, CEINSA USA, LLC ("CEINSA") is a Florida limited liability company with its principal place of business in Miami, Florida, in Miami-Dade County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of Ceinsa are Florida citizens.

5.      Upon information and belief, IBT HEALTH, LLC ("IBTH") is a Florida limited liability company with its principal place of business in Miami, Florida, in Miami-Dade County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of IBTH are Florida citizens.

6.      Upon information and belief, CARIMEX, LLC ("Carimex") is a Florida limited liability company with its principal place of business in Miami, Florida, in Miami-Dade County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of Carimex are Florida citizens.

7.      Upon information and belief, INTERENATIONAL BUSINESS AND TRADE, LLC ("IBTL") is a Florida limited liability company with its principal place of business in Miami, Florida, in Miami-Dade County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of IBTL are Florida citizens.

8.      Upon information and belief, SUCOMEX, LLC ("Sucomex") is a Florida corporation with is principal place of business in Miami, Florida, in Miami-Dade County making

it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of Sucomex are Florida citizens.

9.      Upon information and belief, IBT CONSTRUCTION, LLC ("IBTC") is a Florida limited liability company with is principal place of business in Coral Gables, Florida, in Miami-Dade County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all member of IBTC are Florida citizens.

10.     The causes of action alleged herein fall within the jurisdictional limits of the Court because F&D seeks to recover more than $75,000.00 from the Defendants.

11.     Venue is appropriate in this Court because one or more of the Defendants reside in or have their principal place of business within the boundaries of the Southern District of Florida, and because one or more Defendants reside in or have their principal place of business located in one of the counties within the province of the Miami Division of this Court.

## GENERAL ALLEGATIONS

12.     As part of its business, F&D issues payment and performance bonds and stands as surety for certain construction contractors.

13.     In connection with its work, IBTG from time to time required surety payment and performance bonds.

14.     To induce F&D to issue payment and performance bonds on its behalf, IBTG, Cesina, IBTH, Carimex, IBTL, Sucomex, and IBTC (collectively, the "Indemnitors") entered into an indemnity agreement with F&D.

15.     Specifically, on August 24, 2015, IBTG, Cesina, IBTH, Carimex, IBTL, Sucomex each executed a General Indemnity Agreement ("Agreement") in favor of F&D, its affiliates, and its agents.  The Agreement was thereafter amended by Rider on July 23, 2019 to add IBTC as an

indemnitor. A true and correct copy of the Agreement, and amendment thereto, is attached hereto and incorporated herein as **Exhibit A**.

16.    The execution of the Agreement, and the Indemnitors' undertaking of the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to F&D issuing any bonds naming IBTG as a principal.

17.    According to the Agreement, the Indemnitors agreed, in part, to:

> [E]xonerate, indemnify, and hold Surety harmless from and against any and all liability and Loss, sustained or incurred, arising from or related to: (a) any Bond, (b) any Claim, (c) any Indemnitor failing to timely and completely perform or comply with this Agreement, (d) Surety enforcing this Agreement or (e) any act of Surety to protect or procure any of Surety's rights, protect or preserve any of Surety's interest, or to avoid, or lessen Surety's liability or alleged liability. The liability of Indemnitors to Surety under this Agreement includes all Claims made on Surety, all payments made, Loss incurred, and all actions taken by Surety under the Good Faith belief that Surety is, would be or was liable for amounts paid or the actions taken, or that it was necessary or expedient to make such payments or take such actions, whether or not such liability, necessity or expediency existed. Indemnitors shall promptly, upon demand, make payment to Surety as soon as liability or Loss exists, whether or not Surety has made any payment. An itemized statement of Loss, sworn to by any officer of Surety, or the voucher or other evidence of any payment shall be prima facie evidence of the fact that, amount and extent of liability of Indemnitors for such Loss. Indemnitors shall promptly, upon demand, procure the full and complete discharge of Surety from all Bonds and all liability in connections with such Bonds. If Indemnitors are unable to obtain discharge of any or such all Bonds within the time demanded, Indemnitors shall promptly deposit with Surety an amount of money that Surety determines is sufficient to collateralize or pay any outstanding obligations

.

[Exhibit A, p. 1, Section 3].

18.    The Agreement also provides that Indemnitors shall:

> Promptly pay all premiums and charges of Surety for Bonds, at the current rate changed by Surety, until Surety has been provided satisfactory evidence, in its sole discretion, that it has been fully released and/or discharged from liability under such Bonds.

[Exhibit A, p. 1, Section 1].

19.    The Indemnitors' obligations under the Agreement extended to:

[A]ny bond, undertaking, and/or obligation of suretyship or guarantee executed, provided or procured (herein "issued") by Surety (whether as surety, co-surety, reinsurer or otherwise) in the name of or on behalf or any Indemnitor, any Related Entity any other entity on request in accordance with this Agreement, or any combination thereof, whether issued prior to or after the execution of this Agreement, and all renewals, extensions, modifications and substitutions of bond.

[Exhibit A, p. 1].

20.    Finally, the Agreement provides that, "if Surety procures the execution of any Bond by other sureties . . . then all the terms and conditions of this Agreement shall inure to the benefit of such other sureties." [Exhibit A, p. 3, Section 14].

21.    The Agreement is unequivocal and specific in setting forth the Indemnitors' obligations to indemnify and keep F&D indemnified as a result of executing any payment or performance bonds on IBTG's behalf or because of IBTG's or the Indemnitors' failure to comply with the Agreement.

22.    IBTG thereafter entered into multiple contracts (the "Contracts") on several construction projects (collectively, the "Projects") located in the Republic of Panama for which it required payment and performance bonds.

23.    At the Indemnitors' request, and in consideration of the Indemnitors' promise to comply with the various terms and conditions of the Agreement, F&D procured payment and performance bonds (the "Bonds") for the Projects through another surety, ASSA Compania de Seguros, to secure the obligations of IBTG under its Contracts with the Republic of Panama.

24.     Premiums and taxes associated with the Bonds remain unpaid by the Indemnitors, despite the Agreement's terms, which require the Indemnitors to pay all taxes and premiums once the Bonds were "issued" (as that term is defined in the Agreement).

25.     Specifically, the Indemnitors owe F&D $3,253,522.31 in unpaid premiums and taxes associated with the Bonds as set forth in the itemized statement attached hereto as **Exhibit B**.

26.     F&D has made demand on the Indemnitors to pay the outstanding premiums and taxes but Indemnitors have failed and refused to make the payments owed.

27.     Since Indemnitors refused to resolve the unpaid premiums and taxes, F&D was forced to hire the undersigned attorneys to pursue this action against Indemnitors and has incurred attorneys' fees and costs for which Indemnitors are responsible to repay to F&D under the terms of the Agreement.

28.     F&D has performed all of the terms, covenants, and conditions required on its part to be performed under the terms of the Agreement or has been excused from doing so by Indemnitors.

29.     All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
### (Breach of Contract / Contractual Indemnity against the Indemnitors)

30.     F&D realleges and incorporates the allegations in the proceeding paragraphs 1-29 as if fully set forth herein.

31.     Pursuant to the Agreement, the Indemnitors promised to "[p]romptly pay all premiums and charges of Surety for Bonds, at the current rate changed by Surety, until Surety

has been provided satisfactory evidence, in its sole discretion, that it has been fully released and/or discharged from liability under such Bonds."

32.     F&D, in its discretion, does not believe it has been released and/or discharged from liability under the Bonds, which it issued in favor of IBTG.

33.     As such, Indemnitors are liable for the premiums and taxes associated with F&D's issuance of the Bonds and Indemnitors have failed to pay such taxes and premiums despite F&D's repeated demands they do so.

34.     Indemnitors' failure to pay the outstanding premiums and taxes constitutes a breach of the Agreement.

35.     F&D has incurred damages in the amount of $3,253,522.31, which constitutes the total unpaid premiums and taxes, as a result of Indemnitors' breach of the Agreement.

36.     Additionally, F&D has incurred attorneys' fees and costs pursuant to Indemnitors' breach of the Agreement. F&D is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the Agreement.

WHEREFORE, F&D demands judgment against the Indemnitors, jointly and severally, for damages, costs of this action, prejudgment interest, attorneys' fees and such further relief as this Court deems just and proper.


Dated September 9, 2021.

/s/ S. Jordan Miller
E.A. "SETH" MILLS, JR., ESQ.
Florida Bar No. 339652
smills@mpdlegal.com
JORDAN MILLER, ESQ.
Florida Bar No. 0069998
jmiller@mpdlegal.com
MILLS PASKERT DIVERS

100 N. Tampa St., Ste. 3700
Tampa, FL 33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Attorneys for Plaintiff*